**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR M. PEREZ-CARDENAS,<br>Petitioner,<br>v.<br>Warden, Otay Mesa Detention Center, et al.,<br>Respondents. | Case No.: 26cv4423 DMS (JAC)<br>**ORDER DENYING PETITION** |

This case comes before the Court on the Amended Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse. For the following reasons, the Petition is denied.

Petitioner is a citizen and national of Columbia. (Pet. at 2.) He lawfully entered the United States on a student visa in 2021. (*Id.*) He has been in the United States since, living in New Jersey. (*Id.*) Petitioner has no prior convictions, but has one pending charge for violating a restraining order. (*Id.*)

On July 6, 2026, Petitioner was arrested by the Hudson County Sheriff's Department on that charge. (*Id.* at 2-3.) It appears Petitioner was transferred into the custody of Immigration and Customs Enforcement ("ICE") on July 16, 2026. (Resp. to Pet., Ex. 1, ECF No. 4-1 at 5.) On that date, ICE served Petitioner with a Notice to Appear ("NTA"),

(*id.* at 7-9), and also served him with an arrest warrant. (Resp. to Am. Pet., Ex. 1, ECF No. 8-1 at 5.)

On August 3, 2026, Petitioner, who is now in custody at Otay Mesa Detention Center, Petitioner filed the present case alleging his due process rights had been violated by his transfer to California and by his continued detention without a bond hearing. Respondents filed a Response to the Petition disputing Petitioner's claims, but before the Court could rule Petitioner filed an Amended Petition with the assistance of counsel. In the Amended Petition, Petitioner alleges he was arrested without a warrant in violation of 8 U.S.C. § 1226(a) and should therefore be released. In the alternative, Petitioner requests that he be provided with a bond hearing. Respondents dispute Petitioner was arrested without a warrant, and argue Petitioner's request for a bond hearing is moot as he has twice been scheduled for a bond hearing, but each time withdrew his request.

In 1952, Congress enacted the Immigration and Nationality Act ("INA"), Pub. L. No. 82-414, ch. 477, 66 Stat. 163 (codified in U.S.C. Chapter 8). The INA was amended in 1996 by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, 110 Stat. 3009 (1996) (codified as amended in U.S.C. Chapter 8). The INA contains two statutory provisions that govern and authorize the detention of noncitizens in removal proceedings: Section 235(b) and Section 236. These provisions are interchangeable with Section 1225(b) and Section 1226, respectively, of Chapter 8 of the United States Code. *See* 8 U.S.C. §§ 1225(b), 1226(a)–(e). Section 1225(b) governs the *mandatory* detention framework of noncitizens arriving at the border, while Section 1226 governs the *discretionary* detention framework of noncitizens apprehended within the interior of the United States. *See generally* U.S.C. §§ 1225(b), 1226; *see also* *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026).

The INA regulates the Department of Homeland Security ("DHS")'s power and authority to enforce its provisions. *See* 8 U.S.C. §§ 1103, 1182, 1225, 1226, 1251, 1252, 1357. DHS' rules and regulations are established in the Code of Federal Regulations ("CFR"). *See* C.F.R. § T.8, Ch. 1. The power and duties of DHS immigration officers—

Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Patrol ("CBP"), and U.S. Citizenship and Immigration Services ("USCIS")—are specifically defined in 8 C.F.R. § 287. Together, the provisions established in the INA must be read in congruence with DHS' regulations set forth in the CFR.

Section 1226(a) states, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Read together with DHS' enforcing regulation, a noncitizen "may be arrested and taken into custody" either "at the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1). To be clear, the noncitizen may be *lawfully* arrested "under the authority of Form I-200, Warrant of Arrest" only *after* the Notice to Appear ("NTA") is issued. *Id.*

Here, the evidence reflects Petitioner was arrested by ICE on July 16, 2026, (Resp. to Pet., Ex. 1, ECF No. 4-1 at 5), and on that same day, ICE issued an NTA to Petitioner, (Resp. to Pet., Ex. 2, ECF No. 4-1 at 7-9), along with an arrest warrant on Form I-200. (Resp. to Am. Pet., Ex. 6, ECF No. 8-1 at 5.) Petitioner does not dispute this evidence, but asserts it is unclear whether the NTA and warrant were issued before Petitioner's arrest, therefore he should be released.

Although Petitioner states ICE never showed him a warrant or any other document related to his arrest, (Pet. at 3), there is no evidence to that effect in the record. On the contrary, the record reflects the arrest warrant was served on Petitioner on July 16, 2026, as was the NTA, and Petitioner was arrested on July 16, 2026, at 21:52. (Resp. to Pet., Ex. 1, ECF No. 4-1 at 2.) The record also reflects Petitioner was twice scheduled for a bond hearing, but each time he requested to withdraw his request for bond. (Resp. to Pet., Ex. 4, ECF No. 4-1 at 13; Resp. to Am. Pet., Ex. 5, ECF No. 8-1 at 2.)

/ / /

/ / /

/ / /

On this record, Petitioner has not met his burden to show that he is in custody in violation of the Constitution or laws of the United States. Accordingly, the Petition is denied. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Hon. Dana M. Sabraw
United States District Judge